Jewell HOLT, Appellant,

v.

**COMMONWEALTH OF KENTUCKY**
et al., Appellees.

No. 14265.

United States Court of Appeals
Sixth Circuit.

Dec. 12, 1960.

Jewell Holt, LaGrange, Ky., in pro. per.

Troy D. Savage, Asst. Atty. Gen., John B. Breckinridge, Atty. Gen., and Troy D. Savage, Asst. Atty. Gen., on brief, for appellee.

Before MARTIN, CECIL and WEICK, Circuit Judges.

PER CURIAM.

Jewell Holt, the appellant herein, appeals from an order of the United States District Court, for the Western District of Kentucky, denying his petition for a writ of habeas corpus.

The appellant was indicted on three counts in the January 1956 term of Laurel Circuit Court of Kentucky. The first count charged the appellant with feloniously breaking and entering a smokehouse used in connection with a dwelling house and stealing therefrom one pork ham and one pork shoulder. The second and third counts each charged the prior conviction of another felony. A conviction on this indictment as a whole brought the accused within the terms of the Kentucky habitual criminal act. (Section 431.190 Kentucky Revised Statutes) and subjected him to life imprisonment. Section 433.180, under which the first count of the indictment was drawn, carries with it a penalty of from two to ten years imprisonment.

The accused being represented by counsel pleaded guilty to the indictment and was accordingly sentenced to life imprisonment in the Kentucky State Penitentiary. He petitioned the Lyon Circuit Court of Kentucky for a writ of habeas corpus which was denied July 12, 1957. He then appealed to the Kentucky Court of Appeals which affirmed the Circuit Court. A petition to the Supreme Court of the United States for a writ of certiorari was denied. "The denial of a writ of certiorari imparts no expression of opinion upon the merits of the case, as the bar has been told many times." United States v. Carver, 260 U.S. 482, 490, 43 S.Ct. 181, 182, 67 L.Ed. 361.

He was given leave, by the District Court for the Western District of Kentucky, to file in forma pauperis an original petition for habeas corpus. The District Judge denied his petition without an oral hearing but gave him a certificate of probable cause and granted him leave to appeal in forma pauperis. He was not represented by counsel in the District Court and he prosecutes this appeal pro se.

In all of these courts the appellant presented twelve issues as a basis of his alleged illegal detention. The essence of these is that he was not advised of the significance of the second and third counts and when he pleaded guilty thought he was pleading only to the specific offense charged in the first count of the indictment.

The accused was entitled to a jury trial of the charges in the indictment and

before a plea of guilty was accepted he should have been fully informed of his rights, the nature of the charge and the penalty to which he would be subjected. The petition in the District Court raised questions of fact as to his knowledge of the consequences of a plea of guilty. While we do not assume that he was not properly advised, we have no way of ascertaining from the record before us that he did understand his rights and the nature of the charges.

We think justice requires that he be given a hearing in the District Court. Accordingly, the judgment of the District Court is vacated and the case is remanded to that court with instructions to the District Judge to conduct a hearing, make findings of facts with reference to the circumstances under which the guilty plea was entered, draw his conclusions of law, and enter judgment thereon.